IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------X
                                                      :
MICHAEL J. DEPRIMO                                    :          3:06 CV 500 (JBA)
                                                      :
                                                      :
V.                                                    :
                                                      :
JOSEPH CHIARELLI                                      :
MARIA CHIARELLI                                       :
CHIARELLI LAW FIRM P.C.                               :          DATE: NOV. 6, 2006
CHIARELLI LAW FIRM LLC                                :
MOUNT CARMEL REALTY LLC                               :
------------------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

On April 3, 2006, plaintiff Michael J. DePrimo commenced this diversity action against defendants Joseph Chiarelli, Maria Chiarelli, the Chiarelli Law Firm, P.C., the Chiarelli Law Firm LLC, and Mount Carmel Realty LLC, in which Complaint plaintiff, an experienced attorney, alleges two counts of statutory vexatious litigation under CONN. GEN. STAT. § 52-568(1) & (2) and one count of civil conspiracy arising out of the individual attorney-defendants' representation of plaintiff's brother in a child custody dispute; the custody dispute gave rise to a state court action in the New Haven Superior Court against plaintiff, his brother and brother's wife, filed by Joseph Chiarelli, Chiarelli v. DePrimo, CV-01-446428-S ["Chiarelli State Action"],which in turn begat a second state court action in the New Haven Superior Court filed by this plaintiff, his brother and his brother's wife against Joseph Chiarelli, Maria Chiarelli and the Chiarelli Law Firm, DePrimo v. Chiarelli, CV-01-454691-S ["DePrimo State Action"].  (Dkt. #1).   Under the current scheduling order, all discovery is to be completed by November 30, 2006.  (Dkt. #23, ¶ 1).

On July 12, 2006, defendants filed a Motion to Dismiss, asserting the prior pending

action doctrine; the Motion to Dismiss is pending before United States District Judge Janet Bond Arterton. (Dkts. ##25, 28, 30-33).  On July 10, 2006, this case was referred to this Magistrate Judge for a settlement conference (Dkt. #24), which conference was held eight days later. (See Dkts. ## 26-27).  On September 15, 2006, plaintiff filed the pending Motion to Compel and brief in support.[1]  (Dkts. ##35-36, 38).  Four days later, on September 19, 2006, Judge Arterton referred the pending Motion to this Magistrate Judge.  (Dkt. #37).  On October 6, 2006, defendants filed their brief in opposition[2] (Dkt. #40), and twelve days later, plaintiff filed his reply brief.[3]  (Dkt. #42).

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #35) is granted in

---

[1]Attached are the following seventeen exhibits: copy of excerpts of transcript of deposition of Maria Chiarelli, taken on May 18, 2006 ["Maria Chiarelli Depo."](Exh. 1); copy of excerpts of transcript of deposition of Joseph Chiarelli, taken on May 19, 2006 ["Joseph Chiarelli Depo."](Exh. 2); copy of Defendant Joseph Chiarelli's Responses to Plaintiff's First Request for Admission Propounded to Defendant Joseph Chiarelli, dated July 11, 2006 (Exh. 3); copy of Defendant Maria Chiarelli's Responses to Plaintiff's First Request for Admission Propounded to Defendant Maria Chiarelli, dated July 11, 2006 (Exh. 4); copies of correspondence, dated February 8 & April 4, 2001, May 25 & 31, & June 13, 2002, April 16, May 1, 8 & 22, 2003, July 27, August 12, September 14, October 5, 19 & 26, 2004, & January 23, 2006 (Exh. 5); declaration of Brian Fahling, sworn to September 14, 2006 (Exh. 6); case details from the State of Connecticut Judicial Branch website for twenty-eight state lawsuits (Exh. 7); information for Joseph Chiarelli as posted on the State of Connecticut Judicial Branch website (Exh. 8); copies of correspondence, dated May 20 & October 31, 2005, May 25 & 29, & June 19, 2006 (Exh. 9); copy of 2004-2005 telephone book entries (Exh. 10); copy of Defendants' Responses to Plaintiff's First Request for Production of Documents to All Defendants, dated July 11, 2006 (Exh. 11); copy of correspondence, dated March 27, 2006 (Exh. 12); copy of Joseph Chiarelli's Responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Joseph Chiarelli, dated July 11, 2006 (Exh. 13); copy of Maria Chiarelli's Responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Maria Chiarelli, dated July 11, 2006 (Exh. 14); copy of Defendant Chiarelli Law Firm P.C.'s Responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Chiarelli Law Firm P.C., dated July 11, 2006 (Exh. 15); copy of Defendant Chiarelli Law Firm LLC's Responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Chiarelli Law Firm LLC, dated July 11, 2006 (Exh. 16); and copy of Defendant Mount Carmel Realty LLC's Responses to Plaintiff's First Set of Interrogatories Propounded to Defendant Mount Carmel Realty LLC, dated July 11, 2006 (Exh. 17).

[2]Attached to defendants' brief in opposition (Dkt. #40) are copies of case law (Exhs. A & C); and copy of correspondence between counsel, dated September 8, 2006 (Exh. B).

[3]Attached are the following three exhibits: copy of correspondence, dated September 25, 2006, with attached Attorney Registrations (Exh. 1); Declaration of Brian Fahling, sworn to October 18, 2006 ["Fahling Aff't"](Exh. 2); and copy of excerpts of Joseph Chiarelli Depo. (Exh. 3).

part and denied in part.

## I. DISCUSSION

Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter not privileged which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." FED. R. CIV. P. 26(b)(1).  The phrase "'relevant to the subject matter involved in the pending action' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)(citation omitted).  The party receiving a request must not only produce information which is admissible as evidence, but also information which "appears reasonably calculated to lead to the discovery of admissible evidence." Martin v. Valley Nat'l Bank of Arizona, 140 F.R.D. 291, 300 (S.D.N.Y. 1991)(citations omitted).  "Reasonably calculated" in Rule 26 means "any possibility that the information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y. 1988)(citations & internal quotation marks omitted).  Discovery, however, is not without limitations and this Court has a duty to ensure that discovery requests are reasonable. FED. R. CIV. P. 26(b)(2);  In re: Sur. Ass'n of Am., 388 F.2d 412, 414-15 (2d Cir. 1967).

In this pending Motion, plaintiff seeks an order compelling responses to plaintiff's Requests for Production of Documents Nos. 1-26 (Dkt. #36, at 7-24; Exh. 11);[4] compelling responses to plaintiff's Interrogatories Propounded to Joseph Chiarelli Nos. 1, 4 and 5  (Dkt.

--------

[4]There are two Requests numbered 25; as a result, the second No. 25 will be referred to as No.25A.

3

#36, at 24-25, 27-28, 30-31; Exh. 13); compelling responses to plaintiff's Interrogatories Propounded to Maria Chiarelli Nos. 1, 4, 5, 6 and 10 (Dkt. #36, at 24-25, 28-30, 31-33; Exh. 14); compelling responses to plaintiff's Interrogatories Propounded to the Chiarelli Law Firm P.C. Nos. 3, 5, 7, 8 and 9 (Dkt. #36, at 25-26, 31-36; Exh. 15); compelling responses to Interrogatories Propounded to the Chiarelli Law Firm LLC Nos. 3, 4 and 7 (Dkt. #36, at 25-26, 31-34;  Exh. 16); and compelling a response to Interrogatory Propounded to Mount Carmel Realty LLC No. 3 (Dkt. #36, at 25-26; Exh. 17).

Plaintiff seeks production of these documents and responses to interrogatories on grounds that there are "significant and material gaps in the information presently known by [p]laintiff" which information is relevant to prove his civil conspiracy and vexatious litigation claims.  (Dkt. #36, at 39-40; see also id. at 6-7).   Specifically, plaintiff contends that the deposition testimony of both individual defendants is contradictory, and documents and responses to some of plaintiff's Requests for Admission further contradict these defendants' testimony.  (Dkt. #36, at 2-6).  According to plaintiff, this information is necessary to determine the relationship of Joseph Chiarelli and/or Maria Chiarelli and between the Chiarelli Law Firm P.C., the Chiarelli Law Firm LLC, and Mount Carmel Realty LLC, and how and when the corporate entities were used to prosecute the Chiarelli State Action.  (Id. at 6).  Plaintiff seeks intervention from this Court as defendants have objected to all documents requests and "nearly every interrogatory," and refused to produce "even a single document," and such objections were made in "bad faith and for the purpose of delay and/or concealment."   (Id. at 40).

Defendants respond that plaintiff's discovery requests are irrelevant, overly broad and burdensome (Dkt. #40, at 3-4), and plaintiff's requests directed at the potential liability of

4

the corporate defendants is "premature" (id. at 4).[5]

In his reply brief, plaintiff contends that defendants failed to meet their evidentiary burden as they did not submit affidavits or declarations in support of their objections, nor did they submit opposing documentary evidence; the cases cited by defendants are distinguishable; and defendants have already conceded the merits of a portion of the Motion to Compel. (Dkt. #42, at 1-4).  Moreover, plaintiff reiterates that he is entitled to the requested discovery.  (Id. at 4-10).

　　　A. REQUESTS FOR PRODUCTION

　　　　　1. NOS. 1-4, 7-9 & 16

　　　In these production requests, plaintiff seeks from defendants (with the exception of Maria Chiarelli) their state and federal income tax returns for the years 2001-2005,[6] copies of check registers for all bank accounts owned or held by the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C. and Joseph Chiarelli d/b/a Attorney Joseph Chiarelli (sole proprietorship) and/or Joseph Chiarelli d/b/a Chiarelli Law Firm (sole proprietorship) for the years 2001-2006, and copies of all signature cards for all bank accounts owned and maintained by Chiarelli Law Firm LLC (including general client funds accounts) for the years 2001-2006.  (Dkt. #36, Exh. 11, at 2-9 & 12-13).

According to plaintiff, these documents are relevant with respect to the P.C. and LLC because they will reveal: the dates of employment for all employees and members, particularly for Lynn Williams, who, according to Joseph Chiarelli, assisted him in the

---

[5]Defendants also object to the specific Document Requests and Interrogatories ad seriatim. (See Dkt. #40, at 5-24); see Section I.A-B infra.

[6]For defendant Mount Carmel Realty LLC, plaintiff seeks such returns for the years 2002-2005.  (Dkt. #36, Exh. 11, at 4).

prosecution of the Chiarelli State Action; if and when the P.C. ceased to operate; when the LLC began to operate; whether the P.C. and LLC were operating simultaneously and whether Joseph Chiarelli was paid any remuneration or other fee for work performed by the LLC. (Dkt. #36, at 8-9, 11-12, 17-18; Dkt. #42, at 4-6).  Further, plaintiff asserts that the documents with respect to Mount Carmel Realty should be produced because they are relevant to determine whether the transfer of 3190 Whitney Ave., #5 from the P.C. to Mount Carmel Realty LLC was a fraudulent conveyance, and "would be relevant to prove the conspiratorial actions of Joseph and Maria [Chiarelli"]." (Dkt. #36, at 9-10).

_____Defendants respond that the requested tax returns, check registers and signature cards for all bank accounts are not likely to provide information  establishing whether or not a vexatious lawsuit was prosecuted against plaintiff, nor would they provide additional information regarding Joseph Chiarelli's relationship to the corporate entities that has already been established through the discovery conducted by plaintiff in the DePrimo State Action; the tax returns, check registers and signature cards contain information that is far outside the scope of relevance in this case; and plaintiff is not entitled to Joseph Chiarelli's spouse's information which is included on his tax returns.  (Dkt. #40, at 5-6, 7-8, 10-11).  Moreover, defendant contends that to the extent plaintiff seeks to use the check registers to determine the employees of the defendants, this "is not the least intrusive and/or only way in which . . . [p]laintiff can obtain this information," as a "similar question was posed in the discovery conducted in the [DePrimo State Action] and a response was provided." (Dkt. #40, at 7-8).  Additionally, plaintiff can determine when the LLC began to operate and when the P.C. ceased to operate through research with the Secretary of State.  (Id. at 8).

_____On May 18, 2006, Maria Chiarelli testified at her deposition that the Chiarelli Law Firm does not employ any other lawyers besides herself (Maria Chiarelli Depo. at 8), and that her

father is no longer an employee of the Chiarelli Law Firm, P.C. and has never been an employee of the Chiarelli Law Firm LLC, but rather is a sole proprietor (id. at 57-58, 239-42). According to Maria Chiarelli, her sister Tara Chiarelli stopped paying her father as an employee of the P.C. in approximately 2000, at which time her father continued to work in the office at the Chiarelli Law Firm, "but less so." (Id. at 58-63).   On May 19, 2006, Joseph Chiarelli also testified that he is not an employee of the LLC (Joseph Chiarelli Depo. at 10), but rather a sole proprietor, though he "run[s] the P.C." (id. at 14), which Maria Chiarelli testified ceased to "operate" in 2002 or 2003 after the Chiarelli Law Firm LLC was formed in 2001. (Maria Chiarelli Depo. at 76-77).     Despite this deposition testimony, since 2003, Joseph Chiarelli has listed his business address as the Chiarelli Law Firm LLC with the Statewide Grievance Committee. (See Dkt. #42, Exh. 1).   At his deposition, Joseph Chiarelli testified, however, that "[s]ome coding clerk put it in as an LLC. [He does not] know why." (Joseph Chiarelli Depo. at 15-16). Additionally, correspondence sent by Joseph Chiarelli in connection with the Chiarelli State Action was issued on P.C. letterhead (see Dkt. #36, Exh. 5), "Case Detail" entries from the State of Connecticut Judicial Branch website lists appearances by Joseph Chiarelli "LLC" (see Dkt. #36, Exh. 7), and the 2004 and 2005 local yellow pages list Maria Chiarelli, Joseph Chiarelli and the Chiarelli Law Firm all at the same telephone number.  (See Dkt. #36, Exh. 10).  Further, Maria Chiarelli testified that Joseph Chiarelli "may be" a signatory to the Chiarelli Law Firm LLC account (Maria Chiarelli Depo. at 242), and her father is "[p]robably" covered under the Chiarelli Law Firm LLC malpractice insurance.  (Id. at 244).   The foregoing notwithstanding, Maria Chiarelli also testified that none of her father's fees have been deposited into the Chiarelli Law Firm LLC accounts.  (Id. at 246).

The relationship between the two corporate entities is further blurred by Maria Chiarelli's

testimony that she "think[s]" that the personal property and other items used in the Chiarelli Law Firm, P.C. or LLC, are owned by the Chiarelli Law Firm LLC but she does not know if either the LLC or the P.C. paid for these items.  (Maria Chiarelli Depo. at 48).

In addition to the confusion regarding whether Joseph Chiarelli is a sole proprietor, and what his relationship is to the P.C. or LLC, there is a great deal of confusion regarding the other employee(s) of the Chiarelli Law Firm.  While correspondence from the Chiarelli Law Firm P.C. and/or LLC reference the initials of several different individuals, Maria Chiarelli testified that in fact, only she, her sister Tara Chiarelli, who is a former employee of the Chiarelli Law Firm (Maria Chiarelli Depo. at 8-9), or their Aunt Lynn Williams did the typing for the law firm –  Maria Chiarelli, Tara Chiarelli or Lynn Williams would use the initials "CC," of Maria and Tara Chiarelli's mother Clair Chiarelli, the initials "AL" for "Auntie Lynn," the initials "MW" for "Misty Williams" (the name Lynn Williams is called by her grandchildren), and the initials "DR" for Daria and Rico, the family dogs. (Id. at 13-23).  According to Maria Chiarelli, her Aunt Lynn continues to work part-time and is paid out of the payroll of Chiarelli Law Firm LLC.  (Id. at 13, 15-16, 19).

In light of the foregoing, plaintiff is entitled to discovery of documents which will establish the number of employees employed by the Chiarelli Law Firm, P.C. and the Chiarelli Law Firm LLC and to determine Joseph Chiarelli's employment status.   Discovery of documents evidencing this information, however, must be reasonable as plaintiff is not entitled to the production of Joseph Chiarell's spouse's financial information, client information, or financial information of defendants beyond what will reflect Joseph's relationship to the corporate entities and the employees of these entities.

<u>a. INCOME TAX RETURNS</u>

"[P]ublic policy favors the nondisclosure of income tax returns," however, because

8

"income tax returns may be the best source of complete and competent information as to a party's income," they may be discovered "in appropriate circumstances." In re Sunrise Sec. Litig., 130 F.R.D. 560, 578 (E.D. Pa. 1989)(internal quotations & citations omitted); see Scott v. Arex, Inc., 124 F. R. D. 39, 41 (D. Conn. 1989).  Appropriate circumstances are determined from an application of a two-pronged qualified privilege analysis.  Under such analysis, tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise obtainable." Gattegno v. Pricewaterhousecoopers, LLP, 205 F.R.D. 70, 73 (D. Conn. 2001)(citations omitted).[7]

For the reasons stated above, the information contained in the state and federal income tax returns of Joseph Chiarelli, the Chiarelli Law Firm, P.C. and the Chiarelli Law Firm LLC, for the years 2001-2005, may be relevant to the subject matter of the action and the issues raised thereunder. However, an issue exists as to whether there is a compelling need for Joseph Chiarelli's income tax returns, which, according to defendant, were filed jointly and contain confidential spousal information, when there exists other documents, such as W-2s and 1099 forms, that will evidence Joseph Chiarelli's income for the years requested. Because this information is available from other sources, plaintiff's request for copies of Joseph Chiarelli's state and federal income tax returns **is denied without prejudice to**

---

[7]Defendants rely on Nesko v. Equifax Credit Info., 1997 WL 509591, at *2 (D. Conn. July 24,1997) to support their contention that the "[d]isclosure of . . . [d]efendants' private and proprietary business information at this time places an extreme burden on . . . [d]efendants and provides information of no present value to . . . [p]laintiff." (Dkt. #40, at 4).  The Nesko decision contained virtually no analysis of this issue.  1997 WL 509591, at *2.

**renewal at a later time.**[8]

The income tax returns of the Chiarelli Law Firm, P.C. and the Chiarelli Law Firm LLC, while inclusive of additional confidential information not relevant to this litigation, will clarify the status of these corporate entities for the time periods requested, which information is not otherwise available. However, in light of the confidentiality concerns addressed, **on or before November 21, 2006**, defendants Chiarelli Law Firm, P.C. and Chiarelli Law Firm LLC, shall produce for this Magistrate Judge's in camera inspection, copies of their state and federal income tax returns for the years 2001-2005 so that this Magistrate Judge may determine the discoverable portions of such returns and may order redaction, as appropriate, unless the parties agree prior thereto to a Stipulated Protective Order.

In addition to the foregoing, the tax returns of Mount Carmel Realty shall also be produced for this Magistrate Judge's in camera review. Such production is warranted in light of Maria Chiarelli's deposition testimony that she formed "Mount Carmel Realty, and Mount Carmel Realty purchased the building from Chiarelli Law Firm, P.C. in exchange for repayment of all of the outstanding debt . . . [a]nd some cash [she] think[s] was paid." (Maria Chiarelli Depo. at 77-78, see id. at 128). Additionally, Maria Chiarelli testified that she is a "member" of Mount Carmel Realty which "holds the real estate and collects the rent" from the Chiarelli building and the only holding it has is the real estate (id. at 45-46); and another corporate entity, JAAM, LLC, which "is" Maria Chiarelli's husband, does not pay rent to Mount Carmel Realty or to any other entity (id. at 46-47). Accordingly, **on or before**

---

[8]Joseph Chiarelli's tax returns will include more information than reported on his W-2s, including his and his spouse's taxable interest, dividend income, tax credits, real estate rental income, deductions and partnership and other income; however, to date, plaintiff has not argued that income other than Joseph Chiarell's wages and salaries are relevant to this action as plaintiff's focus is to establish from what entity Joseph Chiarelli collected his income (see Dkt. #42, at 5-6). See Gattegno, 205 F.R.D. at 74.

**November 21, 2006**, defendant Mount Carmel Realty LLC shall produce for this Magistrate Judge's in camera inspection, copies of its state and federal income tax returns for the years 2001-2005, if such returns date back to 2001, so that this Magistrate Judge may determine the discoverable portions of such returns and may order redaction, as appropriate, unless the parties agree prior thereto to a Stipulated Protective Order.

b. CHECK REGISTERS AND SIGNATURE CARDS FOR BANK ACCOUNTS

As stated above, in addition to the copies of tax returns, plaintiff seeks copies of check registers for all bank accounts owned or held by the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C. and Joseph Chiarelli d/b/a Attorney Joseph Chiarelli (sole proprietorship) and/or Joseph Chiarelli d/b/a Chiarelli Law Firm (sole proprietorship) for the years 2001-2006, and copies of all signature cards for all bank accounts owned and maintained by Chiarelli Law Firm LLC (including general client funds accounts) for the years 2001-2006. (Dkt. #36, Exh. 11, at 6-9 & 12-13).   While the check registers for all bank accounts held by all of these entities will include relevant and discoverable information, for the reasons stated above, the check registers will also include confidential client information. Accordingly, **on or before November 21, 2006**, defendants shall produce for this Magistrate Judge's in camera inspection,  copies of check registers for all bank accounts owned or held by the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C. and Joseph Chiarelli d/b/a Attorney Joseph Chiarelli (sole proprietorship) and/or Joseph Chiarelli d/b/a Chiarelli Law Firm (sole proprietorship) for the years 2001-2006, so that this Magistrate Judge may order redaction, as appropriate, unless prior thereto, the parties agree to a Stipulated Protective Order.

Because the signature cards for all bank accounts owned and maintained by Chiarelli Law Firm LLC (including general client funds accounts) for the years 2001-2006 will not

reveal the same extent of confidential financial and client information that the check registers will reveal, **on or before November 21, 2006**, defendants shall produce copies of the signature cards for these bank accounts.  In an abundance of caution, such signature cards may be produced subject to a Stipulated Protective Order agreed upon by the parties **on or before November 17, 2006**.

<u>2. NOS. 5-6 AND 12-13</u>

In his Request for Production Nos. 5-6 and 12-13, plaintiff seeks copies of attorney registration forms filed by or on behalf of the individual defendants with the Statewide Grievance Committee or its designee, and copies of declaration pages for all professional liability insurance policies for the years 2001-2006 for the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C.  (<u>See</u> Dkt. #36, Exh. 11, at 5-6 & 10-11).  Plaintiff seeks these documents to establish Joseph's relationship to the P.C. and the LLC during the years relevant to this lawsuit, and not for coverage verification for this instant claim.  (Dkt. #36, at 11).  Defendants object to such production on relevance grounds, on grounds that plaintiff may request this information from the Statewide Grievance Committee, and on grounds that Request Nos. 12-13 seek insurance information for years under which coverage for this instant claim, which was filed in 2006, would not be implicated.  (Dkt. #40, at 6-9).

While plaintiff has received the relevant documents from the Statewide Grievance Committee for the years 2002-2006 (<u>see</u> Dkt. #42, Exh. 1), these documents are redacted, omitting the client account information.  On the documents produced, Joseph Chiarelli lists his business address as the Chiarelli Law Firm, P.C. in 2002, which is changed to the Chiarelli Law Firm LLC in 2003, as it remained listed through 2006.  (<u>Id.</u> ).  At his deposition, Joseph Chiarelli testified "on the form [he] would file [with the Statewide Grievance Committee, he] would say that [he] was Joseph Chiarelli . . . [s]ome coding clerk put it in as an LLC. [He

12

does not] know why." (Joseph Chiarelli Depo. at 15-16).  Moreover, Joseph Chiarelli testified that he did not put money in an escrow account for the Chiarelli Law Firm LLC "[b]ecause that's Maria's business," whereas his account is as a sole proprietor. (See id. at 18-20). Despite this testimony, plaintiff's counsel avers that Michael P. Bowler from the Statewide Bar Counsel confirmed that the clients funds accounts listed by Joseph and Maria Chiarelli on their respective attorney registration forms, which are redacted in the copies produced to plaintiff, are identical.  (Dkt. #42, Fahling Aff't ¶ 6).

_____In light of the foregoing deposition testimony that contradicts the documents produced thus far, plaintiff is entitled to unredacted copies of the individual defendants' registration forms filed with the Statewide Grievance Committee, for the years still on file, up to and including 2006, and for the same reasons, is entitled to copies of the declaration pages for all professional liability insurance policies issued to the Chiarelli Law Firm LLC and to the Chiarelli Law Firm, P.C. for the years requested, as such documents will further clarify Joseph Chiarelli's relationship to the corporate entities.  Accordingly, plaintiff's Document Request Nos. 5-6 and 12-13[9] is **granted**; such production shall be made **on or before November 21, 2006**.

                    3. NOS. 10, 11 and 14

_____In addition to the insurance declaration pages referenced in Section I.A.2. supra, plaintiff seeks copies of all applications for lawyer's professional liability insurance submitted by the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C. for the years 2001-2006, and copies of all insurance policies that may provide liability coverage for acts alleged in the complaint.

_____

[9]In response to Document Request Nos. 12-14, see Section I.A.3. infra, defendants respond that they will provide the declaration page of any insurance policy which may offer coverage of the instant claim (Dkt. #40, at 9-10). For the reasons stated here in Section I.A.2., plaintiff is entitled to the declaration pages for the years requested.

(Dkt. #36, Exh. 11, at 8-12).    These documents are relevant as both Maria and Joseph Chiarelli claimed that Joseph Chiarelli practiced law as a sole proprietor since 2000 or 2001, and that Joseph Chiarelli never worked for the LLC and that the P.C. was not operational after the LLC was formed; thus, whether Joseph Chiarelli's name is on these applications is relevant to his relationship to these entities.  (Dkt. #36, at 13-14; <u>see</u>  Maria Chiarelli Depo. at 57-59, 63-64, 77-78, 171-72, 240-46; Joseph Chiarelli Depo. at 9-11, 14).  Specifically, Maria Chiarelli testified that her father is not an employee of the Chiarelli Law Firm LLC (<u>see</u> Maria Chiarelli Depo. at 240); Maria Chiarelli is the sole principal in that LLC (<u>id.</u> at 241); and although Maria Chiarelli acknowledged that she does have a malpractice insurance policy covering the Chiarelli Law Firm LLC, she did not answer who the named employees of the LLC are, but rather, only that she is sure that she is named, and "possibly [her] father. Probably. [She is] not sure."  (<u>Id.</u> at 244).  Additionally, Joseph Chiarelli testified that he is not an employee of the LLC (Joseph Chiarelli Depo. at 10); he runs the P.C. (<u>id.</u> at 14); yet, he "would think" that he is covered by legal malpractice insurance as an employee of the Chiarelli Law Firm LLC.  (<u>Id.</u> at 24).

_____In light of the contradictory, or at minimum, wavering deposition testimony, and because, as plaintiff accurately points out, defendants did not fulfil their obligation to produce their insurance policy as part of their initial disclosures (<u>see</u> Dkt. #42, at 8; FED. R. CIV. P. 26(a)(1)(D)), **on or before November 21, 2006**, defendants shall produce copies of all applications for lawyer's professional liability insurance submitted by the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C. for the years 2001-2006, and copies of the declaration page of all insurance policies that may provide liability coverage for the acts alleged in the

complaint.[10]

#### 4. NO. 15

In their brief in opposition, defendants agree to provide a response to this request.  (See Dkt. #40, at 10).  Thus, to the extent defendants have not done so already, copies of all correspondence indicating a reservation of rights by an insurance carrier or its agents shall be provided **on or before November 21, 2006**.

#### 5. NOS. 17-20

Plaintiff seeks production of copies of articles of organization and all amendments thereto, annual reports for the years 2001-2005, and all documents required by CONN. GEN. STAT. § 34-144 for the Chiarelli Law Firm LLC (Dkt. #36, Exh. 11, at 13-16), and copies of annual reports of the Chiarelli Law Firm, P.C. for the years 2000-2005 filed, or required to be filed, with the Connecticut Secretary of State pursuant to CONN. GEN. STAT. § 33-953. (Id. at 16).  Plaintiff seeks production of these documents on grounds that, as discussed in Section I.A.1. supra, the start-up date for the LLC and the relationship between the LLC and the P.C. and between Joseph and the LLC are all uncertain.  (Dkt. #36, at 19-21).  Moreover, plaintiff contends that he has not received these documents in response to his requests in the DePrimo State Action.  (Id.).

Defendant objects to production of Requests Nos. 17-19 on grounds that this information will not establish Joseph Chiarelli's relationship to the corporate entities that has not already been established in his presently pending DePrimo State Action; the production of the corporate documents would provide plaintiff with information far outside the scope of relevance to this lawsuit; the requests place an undue burden on defendant to provide

---

[10]Further production of the complete insurance policies sought in Document Request No. 14 is **denied without prejudice to renewal.**

private and proprietary information; and the information requested in Requests Nos 17-20 is readily available through the Connecticut Secretary of State, and thus it is "more convenient, less burdensome, or less expensive" for plaintiff to retrieve these documents.[11] (Dkt. #40, at 11-12).

Pursuant to CONN. GEN. STAT. § 34-144(a), the Chiarelli Law Firm LLC is required to keep at its principal place of business, a current and a past list setting forth the names and addresses of each member and manager, if any; a copy of the articles of organization and all amendments thereto; copies of the limited liability company's federal, state and local income tax returns and financial statements for the three most recent years or, if such returns and statements were not prepared, copies of the information and statements provided to, or which should have been provided to, the members to enable them to prepare their federal, state and local tax returns; copies of any effective written operating agreements and all amendments thereto; and other writings, if any, prepared pursuant to a requirement in an operating agreement.   CONN. GEN. STAT. § 33-953 requires that the corporate defendants file an annual report with the Secretary of State within thirty days after its organization meeting, which includes the name of the corporation, its principal office, and the names and respective business and residence addresses of the directors and officers of the corporation.

As discussed in Section I.A.1. supra, the deposition testimony of Maria and Joseph Chiarelli, and the documents produced thus far, reveal uncertainty in the relationship between the LLC and the P.C., the relationship that Joseph Chiarelli has to each of these

_____

[11]In light of the availability of this information through the Connecticut Secretary of State, defendants' claim that production of such documents would require defendants to reveal private and proprietary information is unavailing.

entities, the number of employees employed by each of these entities, the start-up date of the LLC and the current existence of the P.C.  Accordingly, plaintiff is entitled to corporate documents that evidence the existence of each of the corporate entities and those employed by the entities.[12]   Thus, in response to Request Nos. 17-19, **on or before November 21, 2006**, the Chiarelli Law Firm LLC shall produce copies of a current and a past list setting forth the names and addresses of each member and manager for the three most recent years.  Copies of the Chiarelli Law Firm LLC's federal and state income tax returns for the three most recent years, as well as its  financial statements, will be produced for an in camera review to this Magistrate Judge **on or before November 21, 2006**, see Section I.A.1.a. supra.  If such returns and financial statements were not prepared, copies of the information and statements provided to, or which should have been provided to, the members to enable them to prepare their federal, state and local tax returns, as required by CONN. GEN. STAT. § 34-144(a), shall be produced for this Magistrate Judge's in camera review, so that this Magistrate Judge may order redaction, as appropriate, unless prior thereto, the parties agreed to a stipulated protective order, **on or before November 21, 2006**.[13]

Additionally, **on or before November 21, 2006**, in response to Document Request No. 20, the Chiarelli Law Firm, P.C. shall produce copies of its annual reports filed with the Secretary of State, for the years 2000-2005, which include the name of the corporation; its principal

---

[12]As stated above, CONN. GEN. STAT. § 34-144 requires a limited liability company to keep at its principal place of business the specified documents listed above.  Accordingly, it is not plaintiff's burden to retrieve these documents from the Connecticut Secretary of State as FED. R. CIV. P. 34 provides that a party may serve on any other party a request to produce any designated documents "which are in the possession, custody or control of the party upon whom the request is served."

[13]Plaintiff's request for copies of the articles of organization and amendments thereto and copies of any effective written operating agreements and all amendments thereto as required by Conn. Gen. Stat. § 34-144, is **denied without prejudice to renewal** as such request is overly broad.

17

office; and the names and respective business and residence addresses of the directors and officers of the corporation.

        6. NOS. 21, 22 and 23

    Plaintiff seeks copies of all documents identifying, describing, and/or depicting the assets of, contributions of capital made to, and the transfer, acquisition, sale, conveyance, or distribution of assets/liabilities to or from the Chiarelli Law Firm LLC and/or Chiarelli Law Firm, P.C., and/or Mount Carmel Realty LLC.  (Dkt. #36, Exh. 11, at 17-19).  Plaintiff seeks these documents in an effort to establish the relationship between the LLC and the P.C. and to determine whether there were any fraudulent conveyances between the corporate defendants.  (Dkt. #36, at 21-22).  Plaintiff contends that these documents were not produced in the DePrimo State Action and plaintiff did not seek any documents regarding Mount Carmel Realty in the DePrimo State Action.  (Id. at 22).

    Defendants object to production of these documents on grounds that the requested information is proprietary and would not establish whether or not a vexatious lawsuit was prosecuted against plaintiff; the documents will not reveal information regarding Joseph Chiarelli's relationship to the corporate entities that has not already been produced in the DePrimo State Action; the requests are outside the scope of relevance and are unduly burdensome; and information concerning assets of the corporation is presently premature, as such discovery is appropriate "[i]f and only if . . . [p]laintiff obtains a judgment that goes uncollected regarding the alleged conspiracy between Joseph and Maria Chiarelli . . . ." (Dkt. #40, at 13).

    In the current Complaint, plaintiff alleges that the corporate defendants were the instrumentalities used by the individual defendants and served as the individual defendants' alter egos. (Dkt. #1, ¶¶ 89-94).  Plaintiff seeks leave to file his Amended Complaint and Join

18

a New Party-Defendant (see Dkt. #29), namely Lynn Williams, in which proposed Amended Complaint plaintiff alleges that the LLC and/or the P.C. are liable for the harm caused to plaintiff on a theory of negligent supervision and respondeat superior.[14]

As discussed in Section I.A.1. supra, Maria Chiarelli testified that she formed "Mount Carmel Realty, and Mount Carmel Realty purchased the building from Chiarelli Law Firm, P.C. in exchange for repayment of all the outstanding debt . . . [a]nd some cash [she] think[s] was paid." (Maria Chiarelli Depo. at 77-78, see id. at 128). Additionally, Maria Chiarelli testified that she is a "member" of Mount Carmel Realty which "holds the real estate and collects the rent" from the Chiarelli building and the only holding that Mount Carmel Realty has is the real estate (id. at 45-46). As for the other corporate defendants, Maria Chiarelli "think[s]" that the personal property and other items used in the Chiarelli Law Firm, P.C. or LLC, are owned by the Chiarelli Law Firm LLC but she does not know if either the LLC or the P.C. paid for these items. (Id. at 47). In addition, although Maria and Joseph Chiarelli testified that the Chiarelli Law Firm LLC does not employ any other lawyers besides Maria Chiarelli, and that Joseph Chiarelli is no longer an employee of the Chiarelli Law Firm, P.C., but rather is a sole proprietor (Maria Chiarelli Depo. at 8; see id. at 57-58, 239-42; Joseph Chiarelli Depo. at 10), Joseph Chiarelli also testified that he "run[s] the P.C." (Joseph Chiarelli Depo. at 14), which Maria Chiarelli testified ceased to exist in 2002 or 2003 after the Chiarelli Law Firm LLC was formed in 2001. (Maria Chiarelli Depo. at 76-77). Further, as stated above, document production to date also reveals that since 2003, Joseph Chiarelli has listed his business address as the Chiarelli Law Firm, LLC with the Statewide Grievance

---

[14]This motion is pending before Judge Arterton. Defendants have sought an extension of time to respond to this motion until after Judge Arterton has ruled on their Motion to Dismiss. (See Dkt. #34).

Committee (see Dkt. #42, Exh. 1), and correspondence issued by Joseph Chiarelli in connection with the Chiarelli State Action was issued on P.C. letterhead (see Dkt. #36, Exh. 5). Maria Chiarelli also testified that Joseph Chiarelli "may be" a signatory to the Chiarelli Law Firm, LLC account. (Maria Chiarelli Depo. at 242).

The extent of the corporate defendants' involvement in what plaintiff claims was a vexatious litigation, either as the alter egos of the individual defendants, or under a theory of negligent supervision and respondeat superior, is relevant to this pending action. Consequently, as stated repeatedly above, plaintiff is entitled to discovery relating to the existence or non-existence of the corporate defendants, which includes documents reflecting a transfer, acquisition, sale, conveyance, or distribution of assets among or between the corporate defendants. Accordingly, **on or before November 21, 2006**, defendant shall produce to plaintiff copies of all documents identifying, describing, and/or depicting the assets of, contributions of capital made to, and the transfer, acquisition, sale, conveyance, or distribution of assets/liabilities to or from the Chiarelli Law Firm LLC and/or Chiarelli Law Firm, P.C., and/or Mount Carmel Realty LLC.[15]

        7. NO. 26

    In Document Request No. 26, plaintiff seeks copies of all receipts for computers, printers, copiers, and other office equipment used by Joseph Chiarelli. (Dkt. #36, Exh. 11, at 22). Plaintiff seeks these documents to determine Joseph's relationship between the LLC and the P.C. (Dkt. #36, at 24). Defendants object to such production as overly broad,

---

[15]In their brief in opposition, defendants agree to provide a response to Requests Nos. 25-25A. (See Dkt. #40, at 13-14). Thus, to the extent defendants have not done so already, copies of all documents relating to mergers and/or consolidations and articles of dissolution concerning the Chiarelli Law Firm, LLC and Chiarelli Law Firm, P.C. shall be provided **on or before November 21, 2006**.

unduly burdensome and "plainly irrelevant."  (Dkt. #40, at 14).

While Maria Chiarelli testified that she "think[s]" that the personal property and other items used in the Chiarelli Law Firm, P.C. or LLC, are owned by the Chiarelli Law Firm (Maria Chiarelli Depo. at 47), production of these specific documents is unduly burdensome and, without restriction as to time, is overly broad. Accordingly, plaintiff's Document Request No. 26 is **denied**.

<u>     B. INTERROGATORIES</u>[16]

<u>          1. PROPOUNDED TO JOSEPH CHIARELLI</u>

<u>               a. NO. 1</u>

     In Interrogatory No. 1, plaintiff requests that in any response that is "anything but an unqualified admission," defendant Joseph Chiarelli "state such and every fact that [defendant] contend[s] supports [his] response."  (Dkt. #36, Exh. 13, at 2).   Plaintiff, without support, claims that he is "entitled to know the factual basis for a response other than an unqualified admission" so that a surprise at trial will be prevented.  (Dkt. #36, at 25; Dkt. #42, at 9-10).   Defendants object to providing a more particular response to this Interrogatory in that such a response is not required under the Federal Rules of Civil Procedure and the Interrogatory is a "blatant attempt to circumvent Federal Rule of Civil Procedure 33(a) which limits the number of interrogatories."  (Dkt. #40, at 15).

---

[16]While plaintiff originally sought further response to Interrogatory Nos. 4 propounded to Joseph Chiarelli and to Maria Chiarelli (Dkt. #36, at 27-30), defendants have agreed to provide a response. (Dkt. #40, at 17-18).

Defendants have also agreed to provide a response to Interrogatory No. 4 and Interrogatory No. 7 propounded to the Chiarelli Law Firm LLC (Dkt. #40, at 19-21), a response to Interrogatory No. 6 propounded to Maria Chiarelli (<u>id.</u>; <u>see</u> Dkt. #36, Exh. 14, at 5-6), and a response to Interrogatory No. 8 propounded to the Chiarelli Law Firm, P.C. (Dkt. #40, at 21).

If defendants have not already done so, they shall respond to these interrogatories **on or before November 21, 2006**.

Plaintiff served defendant Joseph Chiarelli with five Interrogatories which is far short of the limit of twenty-five Interrogatories provided for in Federal Rule of Civil Procedure 33(a). (Dkt. #36, Exh. 13).   This notwithstanding, Joseph objected to two of the five Interrogatories, thereby not providing any response; responded to this Interrogatory by stating that the "responses and objections . . . speak for themselves;" and responded to the remaining two Interrogatories.  (See id.).  **On or before November 21, 2006,** defendant Joseph Chiarelli shall supplement his responses, to the extent such supplementation is applicable.

b. NO. 5

In Interrogatory No. 5, plaintiff seeks a response from defendant Joseph Chiarelli regarding his coverage by a lawyer's professional liability insurance policy since he began practicing law as a sole proprietor. (Dkt. #36, Exh. 13, at 4-5).  For the reasons stated in Sections I.A.2.-3. supra, defendant Joseph Chiarelli shall respond to this Interrogatory **on or before November 21, 2006**.

2. PROPOUNDED TO MARIA CHIARELLI

a. NO. 1

In Interrogatory No. 1, plaintiff requests that in any response that is "anything but an unqualified admission," defendant Maria Chiarelli "state such and every fact that [defendant] contend[s] supports [her] response." (Dkt. #36, Exh. 14, at 2); see Section I.B.1.a. supra. Plaintiff served defendant Maria Chiarelli with ten Interrogatories which is also far short of the limit of twenty-five Interrogatories provided for in Federal Rule of Civil Procedure 33(a). (Dkt. #36, Exh. 14).  This notwithstanding, Maria Chiarelli objected to seven of the ten Interrogatories, thereby not providing any response; responded to this Interrogatory by stating that the "responses and objections . . . speak for themselves;" and responded to the

remaining two Interrogatories.  (See id.).  **On or before November 21, 2006,** defendant Maria Chiarelli shall supplement her responses, to the extent such supplementation is applicable.

### b. NO. 5

In Interrogatory No. 5, plaintiff seeks the identification of all persons authorized to make final decisions with respect to finances, policies, and business practices from the Chiarelli Law Firm, P.C. from October 23, 2000 through the present.  (Dkt. #36, Exh. 14, at 4-5).   Plaintiff correctly contends that this information is relevant, and in light of the deposition testimony discussed in Section I.A.1 supra, necessary, to determine who controlled the P.C. during the time period relevant to this case, and whether the P.C. was in existence during this time period.  (See Dkt. #36, at 32).  Moreover, plaintiff's request for information dating back to October 23, 2000 is not improper as defendant contends.  (See Dkt. #40, at 19).   The alleged vexatious lawsuit was filed one month after this date; thus the requested time period includes a limited period leading up to the filing of that lawsuit. Accordingly, **on or before November 21, 2006**, defendant Maria Chiarelli shall respond to Interrogatory No. 5.

### c. NO. 10

In plaintiff's Interrogatory No. 10, plaintiff seeks an identification of all assets owned or held by the Chiarelli Law Firm, P.C. that were transferred to, acquired by, sold to, conveyed to, or distributed to the Chiarelli Law Firm LLC; the date on which this occurred; and the sum paid or other consideration granted for each asset.  (Dkt. #36, Exh. 14, at 9).   For the reasons stated in Section I.A.6. supra, defendant Maria Chiarelli shall respond to this Interrogatory **on or before November 21, 2006.**

<u>              3. PROPOUNDED TO CHIARELLI LAW FIRM, P.C.</u>

<u>                        a. NO. 3</u>

<u>    </u>In plaintiff's Interrogatory No. 3 propounded to the Chiarelli Law Firm, P.C., plaintiff seeks an identification of

> each and every person who received remuneration in the form of salary, wages, payments, fees, draws, pensions, annuities, or other compensation for services rendered to or on behalf of the Chiarelli Law Firm, P.C. during the period October 23, 2000 to the present; identify the annual amount of remuneration to each such person for the years 2001 to 2006.

(Dkt. #36, Exh. 15, at 3).

Plaintiff contends that this information is relevant to determine the dates/years of employment for all employees and members; if and when the P.C. ceased to operate; whether the P.C. and LLC were operating simultaneously; and whether Joseph Chiarelli practiced law as a sole proprietor.  (Dkt. #36, at 26).  Plaintiff is entitled to a list of people who received compensation from the Chiarelli Law Firm, P.C. during this time period,[17] with production to be made **on or before November 21, 2006**.  However, consistent with the conclusion reached in Section I.A.1.a. <u>supra</u> with respect to tax returns, <u>information regarding the annual amount of remuneration to each such person shall be submitted to this Magistrate Judge for an in camera  review, so that this Magistrate Judge may determine whether this information should be disclosed to plaintiff, unless the parties prior thereto agree to a Stipulated Protective Order.</u>

<u>                        b. NO. 5</u>

<u>    </u>In Interrogatory No. 5, plaintiff seeks the identification of all persons authorized to make

---

[17]As stated in Section I.B.2.b. <u>supra</u>, plaintiff's request for information dating back to October 23, 2000 is not improper as defendant contends.  The alleged vexatious lawsuit was filed one month after this date; thus the requested time period covers  employees purportedly involved in the filing of the lawsuit.

final decisions with respect to finances, policies, and business practices from the Chiarelli Law Firm, P.C. from October 23, 2000 through the present.  (Dkt. #36, Exh. 15, at 5).   For the reasons stated in Section I.B.2.b., defendant Chiarelli Law Firm, P.C. shall respond **on or before November 21, 2006.**

                              c. NO. 7

In plaintiff's Interrogatory No. 10, plaintiff seeks an identification of all assets owned or held by the Chiarelli Law Firm, P.C. that were transferred to, acquired by, sold to, conveyed to, or distributed to the Chiarelli Law Firm LLC; the date on which this occurred; and the sum paid or other consideration granted for each asset.  (Dkt. #36, Exh. 15, at 7).   For the reasons stated in Section I.A.6. supra, defendant Chiarelli Law Firm, P.C. shall respond to this Interrogatory **on or before November 21, 2006.**

                              d. NO. 9

In Interrogatory No. 9, plaintiff seeks an identification of all assets owned or held by the Chiarelli Law Firm, P.C. that were transferred to, acquired by, sold to, conveyed to, or distributed to any person or entity other than the Chiarelli Law Firm LLC and/or Joseph Chiarelli; the date; and the sum paid or other consideration granted for each such asset. (Dkt. #36, Exh. 15, at 9).  This request goes beyond seeking to establish Joseph Chiarelli's relationship to the LLC and the P.C., which relationship may be understood in light of the production ordered in this Ruling.  A response to this overly broad Interrogatory is not appropriate at this time; accordingly, plaintiff's request for a response to Interrogatory No. 9 propounded to the Chiarelli Law Firm, P.C. is **denied without prejudice to renewal** after plaintiff reviews the foregoing production.

<u>          4. PROPOUNDED TO CHIARELLI LAW FIRM LLC</u>

<u>                    a. NO. 3</u>

<u>    </u>In plaintiff's Interrogatory No. 3 propounded to the Chiarelli Law Firm LLC, plaintiff seeks

an identification of

> each and every person who received remuneration in the form of salary, wages, payments, fees, draws, pensions, annuities, or other compensation for services rendered to or on behalf of the Chiarelli Law Firm LLC during the period July,  2001 to the present; state the annual amount of remuneration to each such person for the years 2001 to 2006.

(Dkt. #36, Exh. 16, at 3).

Consistent with Section I.B.3.a. <u>supra</u>, plaintiff is entitled to a list of people who received

compensation from the Chiarelli Law Firm LLC during this time period, with production to be

made **<u>on or before November 21, 2006</u>**<u>, and information regarding the annual amount</u>

<u>of remuneration to each such person shall be submitted to this Magistrate Judge for an in</u>

<u>camera  review, so that this Magistrate Judge may determine whether this information</u>

<u>should be disclosed to plaintiff, unless the parties prior thereto agree to a Stipulated</u>

<u>Protective Order.</u>

<u>          5. PROPOUNDED TO MOUNT CARMEL REALTY LLC NO. 3</u>

<u>    </u>In plaintiff's Interrogatory No. 3 propounded to Mount Carmel Realty LLC, plaintiff seeks

an identification of

> each and every person who received remuneration in the form of salary, wages, payments, fees, draws, pensions, annuities, or other compensation for services rendered to or on behalf of the Chiarelli Law Firm LLC during the period November, 2002 to the present; state the annual amount of remuneration to each such person for the years 2002 to 2006.

(Dkt. #36, Exh. 17, at 3).

Plaintiff contends that this information is relevant to determine whether the transfer of

3190 Whitney Ave., #5 from the P.C. to Mount Carmel Realty was a fraudulent conveyance

26

and whether Joseph Chiarelli is a creditor or debtor of Mount Carmel Realty LLC bears on the issue of fraudulent conveyance.  (Dkt. #36, at 27).  While information relating to the transfer of real estate from the P.C. to Mount Carmel Realty is relevant, <u>see</u> Sections I.A.1. & 6 <u>supra</u>, plaintiff's Interrogatory No. 3 propounded to Mount Carmel Realty LLC does not target the material information he seeks.  Moreover, while plaintiff has established the relevance of information relating to the transfer of the P.C. to Mount Carmel Realty, he has not established the relevance of the individuals receiving remuneration from the LLC, to his claim for fraudulent conveyance.  Accordingly, plaintiff's request for a response to Interrogatory No. 3 propounded to Mount Carmel Realty LLC is **denied.**   ___

## C.  SCHEDULING ORDER

In light of the deadlines set in this ruling, all discovery shall be completed **on or before January 16, 2007** and all dispositive motions shall be filed **on or before February 28, 2007**.[18]

## III. CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel  (Dkt. #35) is <u>granted in part and denied in part</u>:

With respect to Document Request Nos. 1-3 and 7-9, <u>granted in part such that the requested documents shall be submitted for this Magistrate Judge's in camera review</u> **on or before November 21, 2006**;

With respect to Document Request No. 4, <u>denied without prejudice to renewal</u>;

With respect to Document Requests Nos. 5-6, 10-13, 15, and 20-23, <u>granted with production to plaintiff</u> **on or before November 21, 2006**;

---

[18]Counsel shall contact this Magistrate Judge's Chambers if he or she believes that a continued settlement conference would be productive.

_____With respect to Document Request No. 14, <u>granted in part</u> **with production on or before November 21, 2006**<u>, and denied in part without prejudice to renewal</u>;

With respect to Document Requests Nos. 17-19, <u>granted, with the submission of the Chiarelli Law Firm LLC's federal and state tax returns, and financial statements, to this Magistrate Judge for an in camera review</u> **on or before November 21 2006**;

With respect to Document Request No. 26, <u>denied</u>;

With respect to Interrogatories Nos. 1 and 5, propounded to Joseph Chiarelli, <u>granted, with supplemental responses</u> **on or before November 21, 2006**;

With respect to Interrogatories Nos. 1, 5 and 10, propounded to Maria Chiarelli, <u>granted, with supplemental responses</u> **on or before November 21, 2006**;

In regard to Interrogatory No. 3, propounded to the Chiarelli Law Firm, P.C. and the Chiarelli Law Firm LLC, <u>granted with respect to identification of all persons receiving compensation from the Chiarelli Law Firm, P.C. and granted in part with respect to the annual amount of remuneration to be submitted to the Magistrate Judge for her in camera review</u>, **all on or before November 21, 2006**;

With respect to Interrogatories Nos. 5 and 7, propounded to the Chiarelli Law Firm, P.C., <u>granted, with responses</u> **on or before November 21, 2006**;

With respect to Interrogatory No. 9, propounded to the Chiarelli Law Firm, P.C., <u>denied without prejudice to renewal</u>; and

With respect to Interrogatory No. 3, propounded to Mount Carmel Realty LLC is <u>denied</u>.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

    See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

    Dated at New Haven, Connecticut, this 6th day of November, 2006.


                  _____/s/_____
                  Joan Glazer Margolis
                  United States Magistrate Judge