UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Michael J. DePrimo,            :
    Plaintiff,              :
                       :
v.                              :        Case No. 3:06cv500 (JBA)
                       :
Joseph Chiarelli, et al.,       :
    Defendants.              :

RULING ON DEFENDANTS' MOTION TO DISMISS [DOC. # 25]

Plaintiff Michael J. DePrimo instituted this diversity action in March 2006 against defendants Joseph Chiarelli, Maria Chiarelli, the Chiarelli Law Firm, P.C., the Chiarelli Law Firm, L.L.C., and Mount Carmel Realty L.L.C., alleging vexatious litigation in violation of Conn. Gen. Stat. §§ 52-568(1) and (2) and civil conspiracy, arising out of defendant Joseph Chiarelli's allegedly aborted legal representation of plaintiff's brother, Salvatore DePrimo, and litigation that followed. Compl. [Doc. # 1]. Defendants now move to dismiss, arguing that plaintiff's claims are barred by the prior pending action doctrine as "[b]oth Mr. Deprimo and the Defendants are parties to a substantively identical action pending before the Connecticut Superior Court, Judicial District of New Haven. These cases are virtually alike, are of the same character, involve the same essential parties, have the same controlling issues, and are brought to obtain relief based on the same underlying rights." Def. Mot. [Doc. # 25] at 1. Plaintiff opposes, contending, inter alia, that the

1

prior pending action doctrine is inapplicable in this instance
where there are contemporaneous state and federal actions, as
opposed to two actions in federal court, and arguing that under
the appropriately applied abstention doctrine articulated in
Colorado River Water Conservation District v. United States, 424
U.S. 800 (1976), this Court should retain jurisdiction.  See Pl.
Opp. [Doc. # 28].  For the reasons that follow, defendants'
motion will be denied.

## I.    Factual and Procedural Background

Accepting its allegations as true, as the Court must at this
stage, the Complaint provides the following factual and
procedural detail.  In September 1999, plaintiff's brother,
Salvatore DePrimo, entered into a contract with defendant Joseph
Chiarelli, whereby Chiarelli would represent plaintiff's brother
in a child custody dispute in New Haven, Connecticut.  Compl. ¶
14.  Joseph Chiarelli terminated his representation of Salvatore
in October 2000 after declaration of a mistrial and transfer of
the case to a court in Middletown, Connecticut.  Id. ¶¶ 15-17.
Salvatore sought legal advice from plaintiff and the two prepared
a letter which was sent to Chiarelli alleging breach of contract
and professional misconduct.  Id. ¶ 22.  In response to the
letter, Chiarelli, allegedly with the assistance of his daughter,
defendant Maria Chiarelli, filed a civil lawsuit in New Haven
Superior Court against plaintiff, Salvatore, and others, alleging

conspiracy to blackmail and extort free legal services from Mr. Chiarelli and also seeking damages for defamation, infliction of emotional distress, and invasion of privacy. <u>Id</u>. ¶¶ 24. After plaintiff's appearance on Salvatore's behalf at a hearing in November 2000, Mr. Chiarelli withdrew the first lawsuit he had filed and commenced a second one, also in New Haven Superior Court, naming plaintiff, Salvatore, and Salvatore's wife as defendants and alleging criminal conspiracy, blackmail, and extortion and also seeking damages for defamation, infliction of emotional distress, and invasion of privacy. <u>Id</u>. ¶¶ 31-32. Chiarelli subsequently amended his complaint to add claims of coercion, mail fraud, computer fraud, eavesdropping, and federal and state racketeering. <u>Id</u>. ¶ 33.

Between September 2001 and May 2004, Mr. Chiarelli was ordered to strike certain claims from his complaint and he also submitted various amendments and additions to his complaint. <u>Id</u>. ¶¶ 58-63. In September 2005, summary judgment was entered in favor of plaintiff, and Mr. Chiarelli's motions for reconsideration and to reopen the judgment were denied. <u>Id</u>. ¶¶ 65-69.

Meanwhile, in late 2000 or early 2001,[1] plaintiff, his

---

[1] Defendants contend the action was filed "on or about December 31, 2000," Def. Mem. [Doc. # 25-2] at 2, whereas plaintiff claims the action was filed in 2001, Pl. Opp. at 2 n.2. The docket number of the action begins "CV-01," suggesting it was filed in 2001.

brother Salvatore, and Salvatore's wife Diane, commenced an action against Mr. and Ms. Chiarelli and the Chiarelli Law Firm concerning the allegedly wrongful termination of the attorney-client relationship between Mr. Chiarelli and Salvatore DePrimo as well as Mr. Chiarelli's alleged abuse of process in initiating and prosecuting his Connecticut Superior Court actions.  The Amended Complaint in that action, of which this Court can take judicial notice, see Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings."), alleges various counts, including some similar to those asserted in this action, such as common law abuse of process and conspiracy to abuse process.  See Conn. Super. Ct. Am. Compl. [Doc. # 25-3].

While defendants contend that dismissal is warranted on the basis of the prior pending action doctrine and the pendency of this state court action, plaintiff contests the applicability of that doctrine and also claims that abstention in favor of the state court proceeding is not warranted.  Since the filing of defendants' motion, plaintiff has moved for leave to amend his complaint to add certain claims and party-defendants, representing that he intends to withdraw all of his claims in the state court action if his motion is granted.  See Mot. to Amend [Doc. # 29].

## II.  **Prior Pending Action and Abstention Standards**

The prior pending action doctrine is one of federal judicial efficiency and provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second."  <u>Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.</u>, 804 F.2d 16, 19 (2d Cir. 1986)(internal quotation marks omitted).  A district court may opt either to stay or to dismiss the subsequently filed case in deference to the earlier-filed case.  <u>Adam v. Jacobs</u>, 950 F.2d 89, 92 (2d Cir. 1991).  As plaintiff notes, however, this doctrine is applicable where there are two identical or similar actions contemporaneously pending in two <u>federal</u> courts, for the reason that "[a]s between federal courts . . . the general principle is to avoid duplicative litigation."  <u>Col. River</u>, 424 U.S. at 817.  By contrast, "[g]enerally as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  <u>Id</u>.  The Supreme Court has explained that "[t]his difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction

5

given them." Id.

Thus, instead of the prior pending action doctrine which would yield, nearly automatically, dismissal of this action in favor of an identical or substantially similar earlier-filed action, given that the prior pending action in this instance is a state action, the more appropriate analysis is one of abstention, pursuant to Colorado River. "To determine whether abstention under Colorado River is appropriate, a district court is required to weigh six factors, with the balance heavily weighted in favor of the exercise of jurisdiction." Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)). These factors are:

> (1) the assumption of jurisdiction by either court over any res or property;
> (2) the inconvenience of the federal forum;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether state or federal law supplies the rule of decision; and
> (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Id. "No single factor is necessarily decisive, . . . and the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Id. "[T]he test . . . is no mechanical checklist." Id. Additionally, a "necessary prerequisite to abstention under Colorado River" is "a finding that the concurrent proceedings are

6

'parallel'".  <u>Dittmer v. Cty. of Suffolk</u>, 146 F.3d 113, 117-18
(2d Cir. 1998).  "Suits are parallel when substantially the same
parties are contemporaneously litigating substantially the same
issue in another forum."  <u>Id</u>. (quoting <u>Day v. Union Mines Inc.</u>,
862 F.2d 652, 655 (7th Cir. 1988)).

**III. Discussion**

As a preliminary matter, the state and federal actions here
appear to be "parallel" as they involve some of the same parties,
arise out of the same factual background, and assert similar
allegations amounting to claimed vexatious litigation and/or
abuse of process.  However, the Court need not decide this issue
because assessment of the <u>Colorado River</u> abstention factors
favors retention of jurisdiction by this Court in any event.

First, the parties are in agreement that there is no res at
issue in this case and that the federal forum is not
inconvenient.  The neutrality of these factors favors retention.
<u>See</u> <u>Village of Westfield</u>, 170 F.3d at 122 ("We have held that the
absence of a res points toward exercise of federal
jurisdiction.") ("We have held that where the federal court is
just as convenient as the state court, the factor favors
retention of the case in federal court.") (internal citations
omitted).

Moving on to the third factor, while the state action was
filed significantly before this action, "[t]his factor does not

7

turn exclusively on the sequence in which the cases were filed, but rather in terms of how much progress has been made in the two actions." Id.  While trial is set in the state court action for March 2007, the scheduling of that trial has been much delayed and dispositive motions have yet to be filed.  Moreover, while discovery has taken place in the state court action, some has also taken place in this action, and the discovery in the state court action can undoubtedly also be of use here.  Thus, this factor weighs only slightly in favor of abstention.

As to the fourth factor, "the Supreme Court has held that 'mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." Id.  In this case, plaintiff has agreed to dismiss all of his claims in state court (assuming he is permitted to amend his complaint here to add certain party defendants and additional claims) in order to avoid res judicata complications.  See Woodford v. Community Action Agency of Greene Cty., 239 F.3d 517, 524 (2d Cir. 2001) ("[A]s a procedural matter, abstention was not needed in order to avoid duplicative proceedings because each plaintiff offered to stay or even withdraw her overlapping state-court claims, . . . acknowledging the res judicata effect that would result from adjudication of

the present claims.").[2]  Thus this factor does not weigh in favor of abstention.

Moving to the fifth and sixth factors, the fifth factor clearly weighs in favor of abstention, or at least does not weigh against it, as all of the claims asserted are state law claims. See Village of Westfield, 170 F.3d at 124 ("[T]he absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex.").  As to the sixth factor, "if there is any substantial doubt as to whether complete and prompt protection of federal rights is available in the state proceeding, dismissal would be a serious abuse of discretion."  Woodford, 239 F.3d at 523.  As detailed by both parties, the state court action has been substantially delayed – it was filed in 2000/2001 and is now scheduled for trial in March, 2007, although there have been several postponements already and therefore there is no guarantee that trial will in fact take place in March.  Moreover, plaintiff represents that he did not amend his complaint in the state action to include the claims asserted here as he was afraid it would cause additional

_____

[2] While there is a potential for inconsistent results between the actions if defendants prevail against the other plaintiffs in the state court action but are unable to invoke non-mutual issue preclusion in this action and Mr. DePrimo prevails, as noted above the risk of inconsistent results in adjudications alone is insufficient alone to justify abstention. The Court observes that the other plaintiffs in the state court action could not be joined as party-plaintiffs in this action as doing so would destroy the existence of diversity jurisdiction.

delay.  The Second Circuit has advised that obstacles to "prompt resolution" in state court counsel in favor of the exercise of federal jurisdiction.  <u>Village of Westfield</u>, 170 F.3d at 124 ("The district court was well aware of the slow pace of the state court proceeding.  Based on the record before it, the district court had no discretion to assume that the state court was an adequate vehicle for the 'prompt resolution' of the issues. . . . Accordingly, this factor weighs against the stay.") (citing <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 28).

Thus, the first, second and sixth factors weigh in favor of the exercise of federal jurisdiction, the third and fifth factors weigh slightly in favor of abstention, and the fourth factor is neutral.  In light of the direction that "a district court is required to weigh six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction,'" <u>id</u>. at 121 (citing <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 16), and as more factors weigh in favor of federal jurisdiction than against it, including the crucial sixth factor involving protection of a plaintiff's rights, the Court is reluctant to abandon the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," <u>Col. River</u>, 424 U.S. at 817. Accordingly, the Court declines to abstain in favor of the state court action, will deny defendants' motion, and will consider plaintiff's application for leave to amend his complaint after

receipt of a response from defendants.

**IV.   Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss [Doc. # 25] is DENIED.  Defendants' Motion for Extension of Time [Doc. # 34] is GRANTED, and defendants shall file any objection to plaintiff's Motion for Leave to Amend Complaint [Doc. # 29] by November 17, 2006.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 7th day of November, 2006.**