IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
                                                 :
MICHAEL J. DEPRIMO                               :   3:06 CV 500 (JBA)
                                                 :
                                                 :
V.                                               :
                                                 :
JOSEPH CHIARELLI                                 :
MARIA CHIARELLI                                  :
CHIARELLI LAW FIRM P.C.                          :   DATE: NOV. 30, 2006
CHIARELLI LAW FIRM LLC                           :
MOUNT CARMEL REALTY LLC                          :
-------------------------------------------------X
```

## RULING FOLLOWING IN CAMERA REVIEW

The factual and procedural history behind this litigation was set forth in considerable detail in this Magistrate Judge's twenty-nine page Ruling on Plaintiff's Motion to Compel, filed November 6, 2006 (Dkt. #44)["November 6th Ruling"], familiarity with which is presumed.[1] On September 19, 2006, United States District Judge Janet Bond Arterton referred the file to this Magistrate Judge for discovery purposes. (Dkt. #37). The November 6th Ruling extended the discovery deadline from November 30, 2006 until January 16, 2007 (at 27). On November 7, 2006, Judge Arterton filed her Ruling on Defendants' Motion to Dismiss (Dkt. #45), which denied the motion.[2]

The November 6th Ruling, inter alia, ordered defendants to produce a substantial number of documents for this Magistrate Judge's in camera review. (At 8-11, 11-12, 15-18, 24, 26, 27-28). On November 21, 2006, defendants delivered approximately three inches

---

[1] On November 16, 2006, defendants filed a Motion for Clarification (Dkt. #47), with respect to one item discussed in the November 6th Ruling.

[2] Plaintiff's Motion to Amend, filed August 14, 2006 (Dkt. #29), in which plaintiff seeks to add new defendants, is pending before Judge Arterton. (See also Dkts. ##48-49).

of documents, organized into three categories: (A) copies of state and federal income tax returns for the years 2001-2005 for the Chiarelli Law Firm, P.C. and Chiarelli Law Firm, LLC, as well as "copies of the information and statements provided to, or which should have been provided to, the members to enable them to prepare their federal, state and local tax returns . . ."; (B) copies of check registers for all bank accounts owned or held by the Chiarelli Law Firm LLC and the Chiarelli Law Firm, P.C. and Joseph Chiarelli d/b/a Attorney Joseph Chiarelli (sole proprietorship) and/or Joseph Chiarelli d/b/a Chiarelli Law Firm (sole proprietorship) for the years 2001-2006;[3] and (C) wage summaries listing the annual remuneration of all persons receiving compensation (with Social Security numbers redacted) for the Chiarelli Law Firm, P.C. and the Chiarelli Law Firm, LLC, since October 23, 2000.

## I.  PRODUCTION ORDERED AFTER IN CAMERA REVIEW

Tab A – After a careful in camera review of these documents, the following documents, as redacted, shall be produced to plaintiff's counsel, subject to a stipulated Protective Order:

(1) From the 2001 U.S. Income Tax Return for the Chiarelli Law Firm, P.C. – p. 1 (top portion only, showing taxpayer name, with Employer identification number and amount of total assets redacted), pp. 7-9 (Depreciation and Amortization Report, with the amounts redacted if defendants so desire), p. 10 (Rental Real Estate Income and Expenses, with the amounts redacted if defendants so desire), p. 12 (only the section for Compensation of Officers, with Social Security Numbers redacted), p. 13 (Schedule K – Net Income from Rental Real Estate Activities, with the amounts redacted if defendants so desire), p. 17 (only the section of Gross Rental Income), pp. 17.1 et seq. (Alternative Minimum Tax Depreciation

---

[3]These documents were supplemented by a one-page explanation of certain check entries, which page shall remain confidential.

Report, with the amounts redacted if defendants so desire) and pp. 18, 21 & 24 (Schedule K-1 – Shareholder's Share of Income, Credits, Deductions, etc., redacting Shareholders' Social Security numbers and Corporation's identifying number and with the amounts redacted if defendants so desire);

(2) From the 2002 U.S. Income Tax Return for the Chiarelli Law Firm, P.C. -- p. 1 (top portion only, showing taxpayer name, with Employer identification number and amount of total assets redacted), pp. 9-11 (Depreciation and Amortization Report, with the amounts redacted if defendants so desire), p. 12 (Rental Real Estate Income and Expenses, with the amounts redacted if defendants so desire), p. 15 (only Schedule K – Net Income from Rental Real Estate Activities, with the amounts redacted if defendants so desire), p. 18 (only the section of Gross Rental Income), pp. 18.1 et seq. (Alternative Minimum Tax Depreciation Report, with the amounts redacted if defendants so desire); and pp. 19, 22 & 25 (Schedule K-1 – Shareholder's Share of Income, Credits, Deductions, etc., redacting Shareholders' Social Security numbers and Corporation's identifying number and with the amounts redacted if defendants so desire);

(3) From the 2003 U.S. Income Tax Return for the Chiarelli Law Firm, P.C. – p. 1 (top portion only, showing taxpayer name, with Employer identification number and amount of total assets redacted), pp. 7-9 (Depreciation and Amortization Report, with the amounts redacted if defendants so desire), pp. 10-11 (Sales of Business Property, with the amounts redacted if defendants so desire), p. 15 (only Schedule K – Net Income from Rental Real Estate Activities, with the amounts redacted if defendants so desire), pp. 19.1 et seq. (Alternative Minimum Tax Depreciation Report, with the amounts redacted if defendants so desire) and pp. 20, 23 & 26 (Schedule K-1 – Shareholder's Share of Income, Credits,

Deductions, etc., redacting Shareholders' Social Security numbers and Corporation's identifying number and with the amounts redacted if defendants so desire);

(4) From the 2004 U.S. Income Tax Return for the Chiarelli Law Firm, P.C. – p. 1 (showing no business income, with Employer Identification Number and Preparer's Social Security Number redacted), pp. 5-6 (Depreciation and Amortization Report, with the amounts redacted if defendants so desire), p. 7 (Rental Real Estate Income and Expenses, showing no income), p. 9 (Compensation of Officers, showing no income, with Social Security Numbers redacted), p. 10 (Net Rental Real Estate Income, showing no income), pp. 10.1 et seq. (Alternative Minimum Tax Depreciation Report, with the amounts redacted if defendants so desire), and pp. 11, 12 & 13 (Schedule K-1, redacting Shareholders' Social Security numbers and Corporation's identifying number and with the amounts redacted if defendants so desire);

(5) From the 2005 U.S. Income Tax Return for the Chiarelli Law Firm, P.C. – p. 1 (showing no business income and signed by Joseph Chiarelli as "President," with Employer Identification Number redacted), and Schedule K-1 (showing no business, redacting Shareholders' Social Security numbers and Corporation's identifying number);

(6) From the 2003 U.S. Income Tax Return of Maria Chiarelli, d/b/a Chiarelli Law Firm, LLC – p. 17 (Schedule C Profit or Loss From Business, with Social Security Number redacted and the amounts redacted if defendants so desire), pp. 19-21 (Depreciation and Amortization Report, with the amounts redacted if defendants so desire), p. 25 (Schedule E Supplemental Income and Loss, with the amounts redacted if defendants so desire), and p. 28 (2003 Depreciation and Amortization Report – Commercial Office Condominium, with the amounts redacted if defendants so desire);

(7)  From the 2004 U.S. Income Tax Return of Maria Chiarelli, d/b/a Chiarelli Law Firm, LLC – p. 16 (Schedule C Profit or Loss From Business, with Social Security Number redacted and the amounts redacted if defendants so desire), pp. 18-20 (Depreciation and Amortization Report, with the amounts redacted if defendants so desire), p. 21 (Schedule E Supplemental Income and Loss, with the amounts redacted if defendants so desire), and p. 24 (2004 Depreciation and Amortization Report – Mount Carmel Realty Commercial Building, with the amounts redacted if defendants so desire); and

(8)  From the 2005 U.S. Income Tax Return of Maria Chiarelli, d/b/a Chiarelli Law Firm, LLC – p. 1 (Schedule C Profit or Loss From Business, with Social Security Number redacted and the amounts redacted if defendants so desire), and 5th p. (Schedule E Supplemental Income and Loss, with the amounts redacted if defendants so desire).[4]

Tab B – After a careful in camera review of these documents, the following documents, as redacted, shall be produced to plaintiff's counsel, subject to a stipulated Protective Order:

(1) From the Client Fund Account for the Chiarelli Law Firm, P.C., for the period December 29, 2000 through January 14, 2003 (Check Nos. 1891 through 1928) – 5/10/2001 payment to Webster Bank and 10/10/2002 payment to Chiarelli Law Firm, P.C. (all other distributions appear to be in the ordinary course of business);[5]

(2) From the Client Fund Account for the Chiarelli Law Firm, P.C., for the period July 27, 2001 through February 4, 2004 and October 11, 2006 through October 20, 2006 (Check

---

[4]Defendants produced two copies of Items 6 through 8.

[5]With respect to all the production ordered under Tab B, **on or before December 8, 2006**, defense counsel may submit a letter to this Magistrate Judge's Chambers explaining why these transactions were in the ordinary course of business and therefore do not need to be produced to plaintiff's counsel.

Nos. 1001 through 1126) – 2/4/2004 payment to Chiarelli Law Firm, LLC (all other distributions appear to be in the ordinary course of business);

(3) From the Check Register for the Chiarelli Law Firm, P.C., for the period January 2, 2001 through April 30, 2004 – 2 transactions on 5/9/2001; and 6/1/2001 (Check #7103)(all other distributions appear to be in the ordinary course of business);

(4) From the Check Register for the Chiarelli Law Firm, LLC, for the period February 11, 2002 through July 28, 2006 – two transactions on 4/9/2003 (Check #1042),[6] two transactions on 5/13/2003 (Check #1029), two transactions on 6/13/2003 (Check #1052), two transactions on 6/27/2003 (Check #1076), two transactions on 7/17/2003 (Check #1094), two transactions on 8/1/2003 (Check #1109), two transactions on 8/20/2003 (Check #1122), two transactions on 9/17/2003 (Check #1140), two transactions on 10/14/2003 (Check #1179), two transactions on 11/19/2003 (Check #1230), two transactions on 12/12/2003 (Check #1249), 2/4/2004 & 2/9-2/10/2004 (Checks ##93-94 & unnumbered entries), two transactions on 4/29/2004 (Check #1419), two transactions on 5/27/2004 (Check #1457), two transactions on 6/16/2004 (Check #1499), two transactions on 7/23/2004 (Check #1557), two transactions on 10/5/2004 (Check #1637), two transactions on 10/28/2004 (Check #1677), two transactions on 11/26/2004 (Check #1719), 12/31/2004 (Check #1769), two transactions on 1/25/2005 (Check #1803), two transactions on 1/28/2005 (Check #1804), two transactions on 2/9/2005 (Check #1823), 3/21/2005 (Check #1870), two transactions on 3/25/2005 (Check #1879), 4/5/2005 (Check #1904), two transactions on 5/9/2005 (Check #1943), two transactions on 5/19/2005 (Check #1948), two transactions on 8/8/2005 (Check #2051), two transactions on 11/3/05 (Check #2122), two

---

[6]There is an additional transaction on 5/30/2003 with a Check #1042.

transactions on 1/30/2006 (Check #2199), 2/21/2006 (Check #2248), 4/5/06 (Check #2277), 4/8/06 (Check #2281), 4/10/06 (Checks ##2288-89), 4/14/2006 (Dkt. #2297), 5/9/2006 (Check #2318), 7/28/06 (No check number)(all other distributions appear to be in the ordinary course of business);

(5) From the Client Fund Account for the Chiarelli Law Firm, LLC, for the period March 7, 2003 through November 13, 2006 (Check Nos. 1001 through 1363) – no production required, as all distributions appear to be in the ordinary course of business;

(6) From the handwritten payroll for the Chiarelli Law Firm, LLC, for the period June 11, 2004 through February 10, 2006 (Check Nos. 1001 through 1034) – all these documents should be produced (with amounts redacted, if defendants so desire); and

(7) From the handwritten or typed ledger for the Chiarelli Law Firm, LLC, for the period July 12, 2006 through November 3, 2006 (Check Nos. 2388 through 2464) – no production required, as all distributions appear to be in the ordinary course of business (including limited distributions to Maria Chiarelli).

Tab C – After a careful in camera review of these documents, the following documents, as redacted, shall be produced to plaintiff's counsel, subject to a stipulated Protective Order:

(1) For the Chiarelli Law Firm, P.C. -- Quarter Wage Summaries for quarters ending 12/31/00, 12/31/01 & 12/31/02 (all with amounts redacted for the employees other than the three Chiarellis and Lynn C. Williams, if defendants so desire);

(2) For the Chiarelli Law Firm, LLC – Year to Date Report, for year ending 12/31/03, Quarterly Report for the quarter ending 1/1/04, Employee Detail for 1/1/2005 through 12/31/2005, and Employee Detail for 1/1/2006 through November 17, 2006 (all with amounts redacted for the employees other than Maria Chiarelli and Lynn Williams, if

defendants so desire).

With respect to all these items for which production has been ordered, **on or before December 13, 2006**, the parties shall submit a stipulated Protective Order to this Magistrate Judge's Chambers, and then **on or before December 22, 2006**, defendants shall provide the copies ordered above to plaintiff's counsel pursuant to the provisions of the stipulated Protective Order.

## II.  ADDITIONAL DOCUMENTS ORDERED FOR IN CAMERA  REVIEW

The following items were not produced as ordered: copies of state and federal income tax returns for the years 2001-2005 for Mount Carmel Realty, LLC.; and copies of check registers for Joseph Chiarell, d/b/a Attorney Joseph Chiarelli (sole proprietorship) and/or Joseph Chiarelli d/b/a Chiarelli Law Firm (sole proprietorship) for the years 2001-2006. (November 6th Ruling at 10-11).  <u>**On or before December 8, 2006**, defendants shall produce these additional documents to the Magistrate Judge's Chambers for an in camera review, or provide a statement from defense counsel or defendants that such documents do not exist</u>.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Because this ruling is subject to review, <u>see</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  F<small>ED</small>. R. C<small>IV</small>. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended**

**ruling may preclude further appeal to Second Circuit)**, the Magistrate Judge will retain the copies in her Chambers, until such time as they may be requested by Judge Arterton and when appropriate, they will be returned to defense counsel.

Dated at New Haven, Connecticut, this 30th day of November, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge